UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:18-CR-59-HAB |
| | ) | |
| CHANDRAA R. COE | ) | |

## OPINION AND ORDER

Defendant Chandraa R. Coe ("Coe") seeks compassionate release under 18 U.S.C §3582(c)(1)(A) (ECF No. 115). She asks the Court to reduce her sentence because of her health conditions and her previous COVID-19 diagnosis. The Government opposes the motion in principal and because Coe has not exhausted her administrative remedies prior to filing her motion. (ECF No. 118). Coe did not file a reply. Because the Government is correct that Coe failed to exhaust her administrative remedies prior to filing her compassionate release motion, the Defendant's motion will be DENIED.

## DISCUSSION

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). But a handful of statutory exceptions exist, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights … may reduce the term of imprisonment … after considering the factors set forth in [18 U.S.C. § 3553(a)] … if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…"

Accordingly, for a defendant to be eligible for compassionate release she must have exhausted her administrative remedies. Additionally, the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release. The movant bears the burden of showing that she is entitled to relief, and the Court has discretion to determine whether the defendant satisfied that burden. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion on whether exhaustion of remedies was jurisdictional, a claims-processing rule, or wholly unnecessary. That confusion was resolved, at least in this circuit, by the Seventh Circuit's decision in *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021). There, the Court answered affirmatively the question of "whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 118 at 5) a defendant must show that she has presented her request for release to the warden at her facility, and either: (1) she has exhausted administrative appeals (if the request was denied); or (2) she has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A); *Sanford*, 986 F.3d at 781–82 ("the defendant must first present his request for compassionate release to the warden *and exhaust administrative appeals* (if the request is denied)…"). Exhaustion is required each time a defendant seeks compassionate release. *United States v. Cain*, 2021 WL 388436 at *4 (D. Maine Feb. 3, 2021) (collecting cases).

2

To properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id*. A review of Coe's own filing and the records from her institution submitted by the Government fail to show that Coe has met this threshold requirement. She has provided no evidence that she sought compassionate release from the warden at her facility nor has she presented anything indicating she presented the issues she raises here to the warden in her request. Coe needed to, but did not, exhaust her administrative remedies before filing her compassionate release motion and, for this reason, the Court must dismiss her motion.[1]

## **CONCLUSION**

For the above reasons, the Defendant's Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A) is DENIED. (ECF No. 115).

SO ORDERED on March 8, 2022.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] Even if Coe had exhausted her administrative remedies, she has an uphill battle. The Seventh Circuit has all but eliminated the ability of prisoners to win compassionate release based on the risk of contracting COVID-19 in prison. The BOP offers COVID-19 vaccination to all federal prisoners. *United States v. Ugbah,* 4 F.4th 595, 597 (7th Cir. 2021) (citing *COVID-19 Vaccine Guidance* (Mar. 11, 2021)). Thus, a prisoner who is medically able to receive or benefit from the available vaccines cannot use the risk of COVID-19 to obtain compassionate release. *Id.;United States v. Broadfield,* 5 F.4th 801, 803 (7th Cir. 2021.